# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Progressive Northern Insurance Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Jamari Williams, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 9:24-465-RMG <br><br> **ORDER AND OPINION** |

## I.     Introduction

Before the Court is Plaintiff's motion for default judgment as to Joseph Johnson, Markeith Hay, Arturio Boyce, Demetrius Hugue, and Darin Transou ("Defendants") (Dkt. No. 17). For the reasons set forth below, Plaintiff's motion is granted.

## II.    Background

Plaintiff is an insurance company organized under the laws of the State of Wisconsin and authorized to transact business in South Carolina. Plaintiff issued insurance policies in South Carolina to Defendant Boyce and nonparty Williams Elite Trucking, LLC, which are the subject of this lawsuit. The amount in controversy exceeds $75,000. (Dkt. No. 1). The Court has jurisdiction over this matter.

Plaintiff served Johnson, (Dkt. No. 9), Hay, (Dkt. No. 8), Boyce, (Dkt. No. 6), Hugue, (Dkt. No. 5), and Transou, (Dkt. No. 10). Defendants have not appeared or participated in this action.

On May 3, 2024, the Clerk entered default against Defendants. (Dkt. No. 16).

On May 3, 2024, Plaintiff filed a motion for default judgment against Defendants seeking declaratory relief as articulated in the complaint. (Dkt. No. 17).

Plaintiff's motion is fully briefed and ripe for disposition.

**III.     Legal Standard**

Federal Rule of Civil Procedure 55(b) permits the Court to enter a default judgment upon motion by a party and to conduct a hearing to determine the amount of damages, if necessary.  A Rule 55(b) Default Judgment is appropriate where the Court determines that "the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  The defendant "is not held to admit facts that are not *well-pleaded* or to admit conclusions of law." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006) (emphasis in original).  Therefore, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. for Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion); *see also Ryan*, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action.").  In other words, "a defendant's default does not in itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc.*, 200 Fed. Appx. at 258 (internal quotation marks omitted).  The Court may conduct this analysis by putting the Complaint to the Rule 12(b)(6) standard. *See, e.g.*, *Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

**IV.     Discussion**

Plaintiff's complaint and accompanying motion contain "well-pleaded allegations of fact" and proper claims such that Defendants admit the allegations in the complaint, simply put that: (1) as to Boyce, the 2017 Ford U-Haul truck involved in Accident #2 is not an "auto" under the Boyce Policy, "Second Declaration"; (2) that, as to Boyce and Hugue, the defendants involved in said

accident knew each other prior to Accident #2 and that Accident #2 was staged for purposes of insurance fraud, "Third Declaration"; (3) as to Transou, Johnson, and Hay, the defendants involved in said accident knew each other prior to Accident #3 and staged said accident for the purposes of insurance fraud; and (4) as to Defendants, Plaintiff is entitled to recover payments made and costs incurred because of Defendants' fraud and misrepresentations. (Dkt. No. 1).

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment against Johnson, Hay, Boyce, Hugue, and Transou (Dkt. No. 17) and grants Plaintiff the declaratory relief requested in Plaintiff's complaint as to these individuals.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 1, 2024
Charleston, South Carolina