IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Progressive Northern Insurance Company,<br><br>           Plaintiff,<br>  v.<br><br>Jamari Williams, Nasim Washington, Allen Williams, Kamrin Williams, Joseph Johnson, Markeith Hay, Arturio Boyce, Adrianne Williams, Demetrius Hugue and Darin Transou,<br><br>           Defendants. | Case No. 9:24-cv-465-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is Plaintiff's motion for default judgment as to Jamari Williams, Nasim Washington, Allen Williams, and Kamrin Williams ("Defendants") based on their failure to plead, answer, file a motion, or otherwise defend in this action. (Dkt. No. 24). For the reasons below, the Court grants the motion.

**I.  Background**

Plaintiff is an insurance company organized under the laws of the State of Wisconsin and authorized to transact business in South Carolina. Plaintiff issued insurance policies in South Carolina to Defendant Boyce and nonparty Williams Elite Trucking, LLC, which are the subject of this lawsuit. The amount in controversy exceeds $75,000. (Dkt. No. 1). The Court has jurisdiction over this matter.

Plaintiff brings this action arising out of multiple auto accidents. Plaintiff seeks a declaration that Defendants Jamari Williams, Nasim Washington, Kamrin Williams, and Allen Williams have intentionally misrepresented their claims for the collision on July 17, 2023 ("Accident #1"), and that Plaintiff is entitled to deny coverage. (Dkt. No. 1, ¶¶ 11-16). Plaintiff

seeks a declaration that the U-Haul truck involved in the collision on August 4, 2023 ("Accident #2") is not covered by Arturio Boyce's insurance policy, and therefore Arturio Boyce is not entitled to any coverage. (Dkt. No. 1, ¶¶ 17-22). Plaintiff seeks a declaration that Defendants Jamari Williams, Nasim Washington, Adrianne Williams, Arturio Boyce, and Demtrius Hugue have intentionally misrepresented insurance claims for Accident #2 and that Plaintiff is entitled to deny coverage for. (Dkt. No. 1, ¶¶ 23-29). Plaintiff seeks a declaration that Defendants Jamari Williams, Darin Transou, Joseph Johnson, and Markeith Hay intentionally misrepresented their claims for the collision on September 10, 2023 ("Accident #3"), and that Plaintiff is entitled to deny coverage. (Dkt. No. 1, ¶¶ 30-36). Lastly, Plaintiff seeks a declaration that Plaintiff has made payments and incurred costs due to Defendants' fraud and misrepresentation, and therefore Plaintiff is entitled to recovery from the Defendants for those costs. (Dkt. No. 1, ¶¶ 37-40).

Plaintiff filed its complaint on January 30, 2024. (Dkt. No. 1). On May 3, 2024, the Clerk entered default against Defendants Arturio Boyce, Markeith Hay, Demetrius Hugue, Joseph Johnson, and Darin Transou. (Dkt. No. 6). On May 3, 2024, Plaintiff filed a motion for default judgment as to Joseph Johnson, Markeith Hay, Arturio Boyce, Demetrius Hugue and Darin Transou. (Dkt. No. 17). After her motion to dismiss was denied on May 21, 2024 (Dkt. No. 18), Defendant Adrianne Williams answered the complaint on May 23, 2024. (Dkt. No. 19). On July 1, 2024, the Court granted Plaintiff's motion for default judgment against Defendants Arturio Boyce, Markeith Hay, Demetrius Hugue, Joseph Johnson, and Darin Transou. (Dkt. No. 26). Before the court is Plaintiff's motion for default judgment against Defendants Jamari Williams, Nasim Washington, Allen Williams and Kamrin Williams. (Dkt. No.24).

## II. Standard

Federal Rule of Civil Procedure 55(b) permits the Court to enter a default judgment upon motion by a party and to conduct a hearing to determine the amount of damages, if necessary. A Rule 55(b) Default Judgment is appropriate where the Court determines that "the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006) (emphasis in original). Therefore, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. for Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion); *see also Ryan*, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action."). In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc.*, 200 Fed. Appx. at 258 (internal quotation marks omitted). The Court may conduct this analysis by putting the Complaint to the Rule 12(b)(6) standard. *See, e.g., Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

## III. Discussion

Defendants Jamari Williams, Nasim Washington, Allen Williams, and Kamrin Williams were served via publication pursuant to the Court's Order granting Plaintiff's motion for service by publication. (Dkt. No. 13) and were mailed a copy of the summons at their places of residence. (Dkt. No. 24-1).

Not only have Defendants failed to answer Plaintiff's complaint in the five months since the publication of the Summons and Complaint (Dkt. Nos, 20, 21), Defendants have failed appear in this case at all. There have been no requests or grants of additional time for Defendants to answer the Complaint. Plaintiff's complaint and accompanying motion contain "well-pleaded allegations of fact" and proper claims such that Defendants admit the allegations in the complaint. This includes Plaintiff's allegation that it is entitled to deny coverage to Defendants.

The Court does not find that a hearing is necessary in these circumstances. Therefore, the Court finds that default judgment is warranted and that Defendants Jamari Williams, Nasim Washington, Allen Williams, and Kamrin Williams are now in default.

**IV. Conclusion**

For the foregoing reasons, the court **GRANTS** Plaintiff's motion for default judgment (Dkt. No. 24) against Defendants Jamari Williams, Nasim Washington, Allen Williams, and Kamrin Williams and **GRANTS** Plaintiff the declaratory relief requested in Plaintiff's complaint as to these individuals.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

October 25, 2024
Charleston, South Carolina